IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 19, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:19-cr-00092 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| ROGER DALE WILLIAMS, ) | Senior United States District Judge |
| Defendant-Petitioner ) | |

### MEMORANDUM OPINION

This matter comes before the court on defendant Roger Dale Williams' motion for a sentence reduction, commonly known as compassionate release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 69. Williams, represented by counsel, filed his motion on September 28, 2022, and his case has twice been stayed pending resolution of relevant cases by the Fourth Circuit Court of Appeals. See ECF Nos. 74, 75, 78, 79, 83, 84, 86, 87. After the second stay was lifted, the parties were given an opportunity to brief the issues and they have done so. See ECF Nos. 88, 89, 90, 91, 92. As set forth below, the court will **DENY** Williams' motion for compassionate release.

Also pending is Williams' pro se motion for miscellaneous relief in which he asks the court intervene to lift a state detainer. ECF No. 85. As it appears that Williams' counsel has successfully assisted him with the getting the detainer lifted, the court **DENIES as moot** his motion for miscellaneous relief.

### I. Background

On October 10, 2019, Williams was indicted on one count of possessing firearms after having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Indictment, ECF No. 1. On March 10, 2020, he pled guilty to the offense without a plea

agreement. Guilty Plea, ECF No. 35. At sentencing on October 28, 2020, the court noted that Williams' statutory sentence of zero to 10 years under 18 U.S.C. § 922(g)(1) was increased to a minimum of 15 years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).[1] Sent. Tr., ECF No. 66 at 6–7; Pre-Sentence Investigation Report (PSR), ECF No 54, ¶ 86. The three previous convictions on which the government relied to find the ACCA applicable to Williams' case were a 1997 conviction for malicious wounding, Sent. Tr., ECF No. 66 at 7; PSR, ECF No. 54, ¶ 42; a 1997 conviction for two counts of unlawful wounding, Sent. Tr., ECF No. 66 at 7; PSR, ECF No. 54, ¶ 43; and a 1997 conviction for armed robbery. Sent. Tr., ECF No. 66 at 8; PSR, ECF No. 54, ¶ 39. The government declined to identify other offenses that might have served as predicate offenses for the ACCA. Based upon his offense level of 31 and his criminal history category of VI, Williams' guidelines sentencing range was 188 to 235 months. PSR, ECF No. 54, ¶ 87.

The court sentenced Williams to the statutory mandatory minimum term of 180 months, to be followed by a two-year term of supervised release. J., ECF No. 58. The court noted that although his previous convictions for violent felonies occurred more than 20 years earlier, they still qualified as predicate offenses under the ACCA and the court had no choice but to sentence him to the minimum term. Sent. Tr., ECF No. 66 at 28. The court varied downward by 8 months from the low end of the guidelines. Id. at 35. The court expressed its

---

[1] The ACCA provides in relevant part that for a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony, a serious drug offense, or both, that were committed on separate occasions, the minimum term of imprisonment is 15 years. A "violent felony" means any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another, or is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e).

2

dismay at sentencing Williams to 180 months, believing that the sentence was excessive and severe, given the remoteness of Williams' prior convictions and the fact that his current offense was non-violent. Id. at 35–36.[2] Williams is incarcerated at Federal Correctional Institution ("FCI") McDowell and has a projected release date of October 13, 2030.[3]

In his motion for compassionate release, Williams contends that if he were sentenced today, his conviction for armed robbery would no longer be considered a predicate offense for purposes of the ACCA. Therefore, he argues that rather than facing a 15-year mandatory minimum sentence he would be facing a sentence of zero to 10 years, and that the difference between the sentence assessed in 2020 and the sentence he likely would receive today presents an extraordinary and compelling reason for a sentence reduction. He further argues that the 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction.

The government counters that even though Williams' conviction for armed robbery would no longer be a valid predicate offense today, he also was convicted of use of a firearm while committing a robbery, which remains a valid predicate offense. The government also argues that if Williams were sentenced today without the ACCA-mandated increase to his sentence, his guidelines sentence would be 130–162 months, which at most is 50 months shorter than the sentence he received under the ACCA.[4] Finally, the government argues that

---

[2] In the instant offense, Williams was pulled over by law enforcement officers for a loud muffler and because he was driving erratically. PSR, ECF No. 54, ¶¶ 3–4. A search of defendant's person revealed 10 Adderall pills for which Williams did not have a prescription, a small bag containing heroin, and approximately $1,000 in cash. Id. ¶ 7. A search of Williams' vehicle revealed a 9mm pistol, a .223 caliber rifle, 580 rounds of .223 caliber ammunition, and 50 rounds of .40 caliber ammunition. Id. ¶ 8.

[3] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search term "Roger Dale Williams") (last viewed Aug. 15, 2025).

[4] In Williams' supplemental brief he argues that without the ACCA enhancement his guidelines range would have been 92–115 months rather than 130–162 months. ECF No. 88 at 3. As set forth in this opinion, the

3

if Williams were sentenced today, rather than looking at a 10-year maximum sentence, he would be looking at a 15-year maximum sentence because the penalty for violating 18 U.S.C. § 922(g) was increased from a maximum of 10 years to a maximum of 15 years in 2022. Compare 18 U.S.C. § 924(a)(8) (2018) and 18 U.S.C. § 924(a)(8) (2022). The government posits that this change in the punishment statute means that Williams' 15-year sentence is neither "sheer and unusual" nor "grossly disparate" to the sentence Congress now considers appropriate.

Both parties raise thoughtful arguments in support of their positions, but as explained below, relief for Williams is foreclosed by the policy statement set forth in the United States Sentencing Guidelines ("USSG" or "guidelines") currently in effect and the recent Fourth Circuit Court of Appeals Decision in United States v. Crawley, 140 F.4th 165 (4th Cir. 2025).

## II. Analysis

Effective November 1, 2023, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

court need not decide this issue as Williams currently is precluded from relief under the relevant USSG policy statement.

4

> imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Williams' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors. The government does not contest that Williams exhausted his administrative remedies.

Regarding whether Williams has established an extraordinary and compelling need for a sentence reduction, prior to enactment of the First Step Act of 2018, only the Bureau of Prisons could file a motion for compassionate release on behalf of an inmate. United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). The First Step Act, among other changes, amended § 3582(c)(1)(A) to allow inmates to file motions with a district court on their own behalf after exhausting their administrative remedies.

The statute also requires that any reduction based on an extraordinary and compelling reason be consistent with applicable policy statements issued by the United States Sentencing Commission (the Commission). But, prior to March 2023, there were no "applicable policy statements" to reference, because the Commission lacked a quorum and could not act. See discussion, United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020).[5] In the absence of

---

[5] See also U.S. Sentencing Comm'n Annual Report 2–3 (2019) https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2019/2019-Annual-Report.pdf.

5

applicable policy statements, courts looked to relevant sentencing guidelines provisions to determine whether a motion presented an extraordinary and compelling reason warranting a sentence reduction. United States v. Davis, 99 F.4th 647, 654 (4th Cir. 2024). Courts in the Fourth Circuit (and other circuits) held that a change in law that resulted in a gross disparity between the sentence a defendant received and the sentence that he likely would receive were he convicted today could be an extraordinary and compelling reason warranting a sentence reduction. See McCoy, 981 F.3d at 286, and the cases that followed it.

In May 2023, the Commission achieved a quorum and adopted revised guidelines that became effective November 1, 2023. Included in the revisions were policy statements addressing motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL §1B1.13 (NOV. 2023). As is relevant to Williams' motion, the revisions include a policy statement that addresses when an "unusually long sentence" can be a reason for a court to grant a sentence reduction under § 3582(c)(1)(A). The policy statement provides that a defendant is eligible for a sentence reduction if he can show the following:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

6

> (c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG §§1B1.13(b)(6) and (c).

The government argues that Williams is not eligible for a sentence reduction because he has not yet served 10 years of his sentence. According to inmate records submitted by the government, as of March 11, 2025, Williams had served a total of 7 years, 2 months, and 10 days. ECF No. 89-1 at 3.

Williams responds that under the policy statement, the "term of imprisonment" used to determine whether a defendant has served 10 years includes good time credit and earned time credit, which a defendant accumulates by participating in prison programming. Williams asserts that the combination of good time credit and earned time credit he has accumulated, when added to the actual time he has spent in prison, adds up to 10 years. However, the Fourth Circuit recently addressed this issue in Crawley and reached a different conclusion.

The defendant in Crawley made the same argument that Williams does here—that although he had not yet served 10 years of his 15-year sentence, when his good conduct time was added to his actual time served it exceeded 10 years. Crawley, 104 F.4th at 172. The court reasoned that the phrase "served at least 10 years of the term of imprisonment," carried its

7

ordinary meaning and compared it with the phrase, "served at least a 10-year prison term." Id. The court continued:

> In the first phrase, the direct object of served is "10 years" —a time period — and in the second, the direct object is a "prison term" —a sentence. While the distinction might seem subtle at first blush, it is nonetheless material. When a person has served 10 years, he has spent 10 years' time in prison. But when he has served a 10-year sentence, he may or may not have spent 10 years' time in prison, because, as a practical matter, the sentence might have been adjusted for good-time credits under 18 U.S.C. § 3624(b)(1). While § 3624 provides for credits to adjust a sentence, § 1B1.13(b)(6) requires service of a specified time, not a specified sentence. In short, service of a specified time in prison is a concept distinct from service of a specified sentence, and § 1B1.13(b)(6) requires that the defendant have served the specified 10 years' time in prison.
>
> Because Crawley concedes that he has not spent 10 years' time in prison, consideration of the § 1B1.13(b)(6) factor of the amended policy statement is not available to him.

Id. at 172–73. The same is true for Williams in this case. Because he has not yet spent 10 years in prison on the current offense, the court cannot consider whether the relief offered by USSG § 1B1.13(b)(6) is available to him.

Perhaps anticipating this result, Williams also argues that the court could apply the guidelines that were in place in 2022, when Williams first filed his motion for compassionate release. He argues that the 2022 guidelines were more amenable to him because they did not contain guidance on motions for compassionate release file by defendants and did not contain the requirement that a defendant have served 10 years of his sentence. Prior to imposition of the amended guidelines in 2023, courts could consider any extraordinary and compelling reason for release that a defendant might raise. See McCoy, 981 F.3d at 284.

8

However, the court in Crawley addressed this argument as well. Crawley had filed his motion for compassionate release before the November 1, 2023, effective date of the amended policy statement but the court ruled on his motion after the effective date. The court concluded that the amended policy statement applied to Crawley's motion for compassionate release, explaining the following:

> Our conclusion follows from a natural reading of two provisions. First, § 3582(c) provides that district courts may grant a defendant's motion for compassionate release if such reduction in sentence "is consistent with applicable policy statements." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). By directing district courts to decide compassionate release motions in light of policy statements that are then applicable, the provision suggests that the court should consider policy statements that are applicable at the time the court renders its decision —irrespective of when the motion itself was filed. Similarly, in U.S.S.G. § 1B1.13, the Sentencing Commission instructs that a district court may reduce a term of imprisonment if it "determines" that the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a)(3) (emphasis added). The policy statement thus presumes, without qualification, that it will serve as a guide to district courts at the time the courts render their decisions. A natural reading of these provisions thus indicates that district courts deciding motions for compassionate release after November 1, 2023, should apply § 1B1.13 when rendering their decisions.
>
> And we have directly implied as much previously. Specifically, in United States v. Davis, we applied the amended policy statement in § 1B1.13 to "confirm and amplify" our conclusion that the district court had abused its discretion under existing case law, even though § 1B1.13 had not been in effect at the time of the district court's decision. 99 F.4th 647, 658 (4th Cir. 2024). We said, "It now falls on the district court to revisit Davis's arguments in light of the Sentencing Commission's new policy statement outlining when and how to consider changes in law as an extraordinary and compelling reason for a reduction." Id. (emphasis added). And we remanded the case to allow the district court to consider the effect of the Sentencing Commission's "new guidance" in § 1B1.13, even though it was not in effect when the defendant filed his motion. Id. at 661.

9

> Accordingly, we conclude that the amended policy statement governs Crawley's motion, even though Crawley filed his motion before the amended policy statement took effect.

Crawley, 140 F.4th at 170.

In accordance with Crawley and applying the amended policy statement to Williams' case, the court concludes that Williams is not entitled to a sentence reduction because he has not yet served 10 years of his term. Therefore, his motion for compassionate release is **DENIED**. The court does not reach the merits of his claim and has not considered the 18 U.S.C. § 3553(a) factors. Although the court remains troubled by the length of Williams' sentence, it is constrained by statute, case law, and the guidelines from considering his motion for a sentence reduction at this time.

### III. Motion for Miscellaneous Relief

At the time Williams filed his motion for miscellaneous relief, the Commonwealth of Virginia had filed a detainer against him, mistakenly believing that he had yet to serve a sentence on a state probation revocation. See ECF No. 85-1 at 1–4. However, Williams had fully satisfied the sentence for which the detainer was lodged. Id. at 5–7. Williams' counsel informed the court on April 8, 2025, that it had undertaken to clarify the status of Williams' detainer and based on emails between the Virginia Department of Corrections, FCI McDowell, and the office of the Commonwealth Attorney in Pittsylvania County, it appeared that the detainer had been lifted. Supp. Information, ECF No. 88 at 1–2, and 88-1; see also Reply to Gov't's Resp., ECF No. 90 at 5 n.1 ("Counsel for Mr. Williams spoke to his BOP case manager, Case Manager Perry, on June 5, 2025, and confirmed that Mr. Williams is eligible

10

for earned time credits and that the Virginia state detainer has been lifted.") Accordingly, Williams' pro se request for miscellaneous relief, ECF No. 85, is **DENIED as moot**.

### IV. Conclusion

For the above-stated reasons, the court **DENIES** Williams' motion for compassionate release, ECF No. 69, and **DENIES as moot** Williams' motion for miscellaneous relief, ECF No. 85.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 19, 2020

Michael F. Urbanski
Senior United States District Judge